UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____

| | |
|---|---|
| ROSWELL PARK COMPREHENSIVE CANCER CENTER; CANDACE JOHNSON, Ph.D., in her individual and professional capacities; RENIER BRENTJENS, M.D., Ph.D., in his individual and professional capacities; CARL MORRISON, M.D., DVM, in his individual and professional capacities; JOHN KANE III, M.D., in his individual and professional capacities; and ERROL DOUGLAS, Ph.D., in his individual and professional capacities, | CASE IN OTHER COURT: Case No. 1:23-cv-00099 (W.D.N.Y.) **DECLARATION IN SUPPORT OF MOTION TO QUASH NONPARTY SUBPOENAS** |
| Movants, | |
| v. | |
| ANNE GRAND'MAISON, M.D., | |
| Respondent. | |

_____

Tara M. Ward, declares, hereby certifies and declares under penalty of perjury, pursuant to 28 U.S.C. § 1746:

1. I am a member of this Court and an attorney associated with the law firm of Phillips Lytle LLP, attorneys for Movants Roswell Park Comprehensive Cancer Center ("RPCI"); Candace Johnson, Ph.D.; Renier Brentjens, M.D.; Carol Morrison, M.D., D.V.M; John Kane III, M.D.; and Errol Douglas, Ph.D. (collectively, "Movants"). As such, I am fully familiar with the facts and circumstances discussed herein.

2. This declaration is submitted in support of Movants' motion, pursuant to Fed. R. Civ. P. 45(d)(3), to quash seventeen (17) identical subpoenas ("Subpoenas") served on various non-parties by Respondent Dr. Anne Grand'Maison. The Subpoenas

were issued in connection with *Grand'Maison, M.D. v. Roswell Park Comprehensive Cancer Center et al.*, Western District of New York ("WDNY"), 1:23-cv-00099 ("Litigation"). A true and accurate copy of Respondent's complaint filed in the Litigation is attached as **Exhibit A**.

3. On or about April 3, 2023, Movants timely answered the complaint. A true and accurate copy of Movants' answer filed in the Litigation is attached as **Exhibit B.**

4. On or about June 26, 2023, Respondent purportedly served the Subpoenas on seventeen (17) non-parties.

5. Attached as **Exhibit C** is the subpoena Respondent purportedly served upon Buffalo General Hospital.[1]

6. Attached as **Exhibit D** is the subpoena Respondent purportedly served upon Dana-Farber Cancer Institute.

7. Attached as **Exhibit E** is the subpoena Respondent purportedly served upon Massachusetts General Hospital.

8. Attached as **Exhibit F** is the subpoena Respondent purportedly served upon MD Anderson Cancer Center.

9. Attached as **Exhibit G** is the subpoena Respondent purportedly served upon Medical College of Wisconsin.

---

[1] The Subpoenas are all identical and annexed to each Subpoena is a copy of Respondent's 76-page complaint. In the interest of brevity, Movants have omitted the complaint from the Subpoenas attached hereto as Exhibits D through S.

- 3 -

10. Attached as **Exhibit H** is the subpoena Respondent purportedly served upon Dr. Wei Lien Wang.

11. Attached as **Exhibit I** is the subpoena Respondent purportedly served upon Dr. Saul Suster.

12. Attached as **Exhibit J** is the subpoena Respondent purportedly served upon Dr. Christopher Fletcher.

13. Attached as **Exhibit K** is the subpoena Respondent purportedly served upon Dr. Cristina Antonescu.

14. Attached as **Exhibit L** is the subpoena Respondent purportedly served upon Dr. G. Petur Nielsen.

15. Attached as **Exhibit M** is the subpoena Respondent purportedly served upon Dr. Hiroyuki Shimada.

16. Attached as **Exhibit N** is the subpoena Respondent purportedly served upon Dr. Lucia Balos.

17. Attached as **Exhibit O** is the subpoena Respondent purportedly served upon Dr. Michael Nathenson.

18. Attached as **Exhibit P** is the subpoena Respondent purportedly served upon Dr. Neeta Somaiah.

19. Attached as **Exhibit Q** is the subpoena Respondent purportedly served upon Dr. Sandra D'Angelo.

20. Attached as **Exhibit R** is the subpoena Respondent purportedly served upon Memorial Sloan Kettering Cancer Center.

21. Attached as **Exhibit S** is the subpoena Respondent purportedly served upon Stanford Medical Center.

22. During a July 21, 2023 meet and confer ("Meet and Confer"), I asked Respondent's counsel to withdraw the Subpoenas because the parties have not yet agreed to the scope/terms of a HIPAA qualified protective order ("HIPAA Order").

23. Respondent maintains that the HIPAA Order should cover patients not referenced in the complaint, and unidentified by Respondent, because disclosure of their personal health information "may" contain information that could be useful to her claims. Movants maintain that the HIPAA Order should cover only those 19 patients referenced in the complaint, as any attempt to pry into the medical records of other patients would be a fishing expedition.

24. The parties were unable to agree to the terms and scope of the HIPAA Order during the Meet and Confer. Respondent has advised that she will seek court intervention in the WDNY to resolve the HIPAA Order dispute.

25. To date, no HIPAA Order has been issued in the Litigation.

26. Respondent declined to withdraw the Subpoenas at the Meet and Confer in light of the parties' failure to reach an agreement on the HIPAA Order. She advised that she agreed to "stop the clock" for compliance until a HIPAA Order is in place, but only for those Non-Parties who questioned whether a protective order had been executed.

Dated: Rochester, New York  
    July 25, 2023

*/s/ Tara M. Ward*  
Tara M. Ward